IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JOSE GRACIAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Case No. 1:03-CV-1767-TMP |
| ) | |
| DEKALB COUNTY BOARD ) | |
| OF EDUCATION, CHARLES D. WARREN, ) | |
| and PAULETTE DAVIS, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This matter is before the court on the motion for summary judgment filed August 3, 2005, by defendants Charles Warren, superintendent of the DeKalb County Board of Education, and the DeKalb County Board of Education. The motion was supported by evidence, and the plaintiff filed an opposition on September 2, 2005, incorporating the arguments and evidence submitted in opposition to the motion for summary judgment filed by defendant Paulette Davis.[1] The parties have consented to the exercise of jurisdiction by the undersigned pursuant to 28 U.S.C. § 636(c).

**I. SUMMARY JUDGMENT STANDARD**

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

---

[1] Defendant Davis's motion for summary judgment was granted and all claims against her were dismissed by order dated July 7, 2005.

show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. Celotex, 477 U.S. at 322-23. There is no requirement, however, "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." Id. at 323.

    Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (quoting Fed. R. Civ. P. 56(e)). The nonmoving party need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings. Celotex, 477 U.S. at 324. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

After the plaintiff has properly responded to a proper motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The substantive law will identify which facts are material and which are irrelevant.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id. at 248.  "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  Id. at 249.  His guide is the same standard necessary to direct a verdict:  "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  Id. at 251-52; see also Bill Johnson's Restaurants, Inc. v. N.L.R.B., 461 U.S. 731, 745 n.11 (1983).  However, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.  Anderson, 477 U.S. at 249 (citations omitted); accord Spence v. Zimmerman, 873 F.2d 256 (11th Cir. 1989).  Furthermore, the court must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find for the plaintiff.  Anderson, 477 U.S. at 254; Cottle v. Storer Communication, Inc., 849 F.2d 570, 575 (11th Cir. 1988).  Nevertheless, credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury, and therefore the evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor.  Anderson, 477 U.S. at 255.  The non-movant need

not be given the benefit of every inference but only of every reasonable inference.  <u>Brown v. City of Clewiston</u>, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

## II.  FACTS FOR SUMMARY JUDGMENT PURPOSES

For purposes of summary judgment and in accordance with Rule 56 of the Federal Rules of Civil Procedure, the court set forth a lengthy recitation of undisputed facts taken in a light most favorable to the non-moving plaintiff in the memorandum opinion adjudicating the motion for summary judgment filed by Davis.  In support of the instant motion, defendants Warren and the school board have provided an additional narrative of undisputed facts.  In response to that motion, plaintiff has not disputed any of those facts, nor has plaintiff asserted any additional facts or argument.  Instead, plaintiff has adopted and incorporated the opposition filed in response to the earlier motion.  Accordingly, the court incorporates its recitation of the facts set forth in the memorandum opinion of July 7, 2005, and in addition notes that the following facts relevant to these defendants are accepted as true.

Maria Padilla, the plaintiff's sister, met once with defendant Warren to complain that Davis had wrongfully failed plaintiff for excessive unexcused absences.  Warren said he would get back to her, but he never did.  At the meeting, Warren was courteous and respectful.  Nothing Warren said or did caused Padilla to believe that he had any discriminatory animus against Hispanic students. Shortly after their meeting, Padilla called Warren to get an update.  He told her he would send her a copy of a letter he had sent to Davis.  She did not receive any such letter.  Warren told her that she could address the school board if she wished to further discuss her complaints about plaintiff's

treatment. He told her the date of the next school board meeting. Padilla never attended any meetings of the school board, and never sought any further recourse from the school board. Plaintiff has not identified, and does not allege that there exists, any school board policy or practice that is discriminatory toward Hispanic students.

### III. DISCUSSION

Defendants[2] seek summary adjudication of all of plaintiff's claims against them on grounds that plaintiff has failed to make a *prima facie* case of discrimination.[3] The court agrees that both defendants are entitled to summary judgment. As discussed more fully in the memorandum opinion relating to Davis's motion, summary judgment is appropriate because plaintiff lacks any proof of purposeful discrimination. In this case, as discussed *supra*, Gracias's *prima facie* showing turns on whether he has demonstrated that similarly-situated non-Hispanic students at Collinsville High School were disciplined less harshly for the same or similar conduct as Gracias. Gracias offered to this court no statistical evidence that Hispanic students were differently disciplined, and he failed to name a single comparator. Furthermore, Gracias has not demonstrated that either the school board or Warren has ever enacted any policy or engaged in any practice that discriminates against Hispanic

---

[2] Although plaintiff asserts claims based on Title VI, Warren as an individual is not a proper defendant to any Title VI education discrimination claim, and the only proper defendant is the school board. Jackson v. Katy Ind. School Dist., 951 F. Supp. 1293, 1298 (S.D. Tex. 1996).

[3] The law applicable to plaintiff's claims arising under 42 U.S.C. §§ 1981, 1983, and Title VI are discussed fully in the July 7, 2005, memorandum opinion.

students.[4]  Consequently, he has failed to prove his *prima facie* case of discrimination.  Accordingly, the defendants are entitled to summary judgment in their favor.

### IV.  CONCLUSION

Accordingly, consistent with the foregoing discussion of the evidence presented by both parties in support of and in opposition to the motion for summary judgment, this court determines that defendants' motion for summary judgment against plaintiff (court document #59) is due to be granted as to all of plaintiff's claims against them.  Consequently, all of plaintiff's claims are due to be dismissed with prejudice.

A separate order dismissing this action with prejudice will be entered in accordance with the findings set forth herein.

Dated the 19th  day of December, 2005.

_____
T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE

---

[4] As the court noted in the memorandum opinion examining Davis's motion for summary judgment, only five of the twenty-four students failed for excessive absences during the 2001-2002 school year are Hispanic, although the school population is fifty percent Hispanic.  This statistic refutes any "pattern" of anti-Hispanic animus.  Moreover, it is clear from the pleadings that the alleged discrimination made the basis of all of plaintiff's claims stems from the conduct of Davis. It follows that, if plaintiff was unable to substantiate claims against Davis, he also is unable to provide sufficient evidence to overcome these defendants' well-supported motion for summary judgment.